UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY C. JACOBO,<br><br>         Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>         Defendants. | Case No.: 25-CV-868 JLS (LR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 5) |

   Presently before the Court are Defendant Ford Motor Company's ("Ford") Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 5), accompanying Memorandum of Points and Authorities in Support thereof ("Mem.," ECF No. 5-1), and Request for Judicial Notice ("RJN," ECF No. 5-2). Also before the Court are Plaintiff Ruby C. Jacobo's Opposition to the Motion to Dismiss ("Opp'n," ECF No. 7) and Defendant's Reply ("Reply," ECF No. 9). The Court took the Motion under submission without oral argument on May 30, 2025. ECF No. 10. Having carefully read and reviewed Plaintiff's Complaint ("Compl.," ECF No. 1-3), Defendant's Motion, the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion to Dismiss.

/ / /

/ / /

/ / /

# BACKGROUND

This litigation stems from a used 2021 Ford Bronco ("Subject Vehicle") manufactured and distributed by Defendant that Plaintiff alleges is defective. *See* Compl. ¶ 12. Plaintiff purchased the used Subject Vehicle on or around July 29, 2023. *Id.* ¶ 9. When Plaintiff purchased the Subject Vehicle from a third party, Plaintiff alleges she received express written warranties in which Defendant undertook to "preserve or maintain the utility of the Subject Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." *Id.* ¶ 11. In the event of a nonconformity in the Subject Vehicle in the applicable warranty period, Plaintiff could get the Subject Vehicle repaired at one of Defendant's authorized repair facilities. *Id.* Plaintiff alleges that the Subject Vehicle manifested defects covered by the warranty, and when Plaintiff delivered it to an authorized repair facility, Defendant failed to service or repair the vehicle in compliance with the express warranty despite a reasonable number of opportunities to do so. *Id.* ¶¶ 12–14. Defendant also refused to pay restitution to Plaintiff. *Id.* ¶ 15.

On March 11, 2025, Plaintiff filed a Complaint in the Superior Court of California for Imperial County. ECF No. 1 ("Notice"). Plaintiff brings five causes of action, with the first four alleging express and implied warranty breaches in violation of the Song-Beverly Consumer Warranty Act and the fifth cause of action alleging express and implied warranty breaches in violation of the Magnuson-Moss Warranty Act. *Id.* Defendant subsequently filed a Notice of Removal on April 11, 2025. *See* Notice. Defendant then filed a Motion to Dismiss on April 18, 2025, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5.[1]

---

[1] Defendant also filed a Request for Judicial Notice, which asked the Court to take judicial notice of the Retail Installment Sale Contract ("Sales Contract"). The document is associated with state and federal court actions to which Plaintiff was a party. Plaintiff raises no objection. The Court may take judicial notice of the Sales Contract because it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Furthermore, the document satisfies the incorporation-by-reference doctrine because Plaintiff relies on it to form the basis for her claim that she possesses valid warranties that Defendant breached. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907–09 (9th Cir. 2003)). Thus, the Court **GRANTS** Defendant's Request for Judicial Notice.

# LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." Courts evaluate the adequacy of the claim based on Federal Rule of Civil Procedure 8(a), which requires "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Put another way, it is insufficient to provide a pleading that "offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action . . .'" *Twombly*, 550 U.S. at 555.

For a claim to survive a motion to dismiss it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. 544 at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). However, the Court is not required to accept as true "legal conclusions" in the complaint. *Iqbal*, 556 U.S. at 678. If a complaint does not meet the plausibility standard to survive a 12(b)(6) motion, the Court should grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655,

658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Put differently, the Court may deny leave to amend if amendment would be futile. *See id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

## ANALYSIS

### I. Timeliness of the Motion

Before addressing the Parties' substantive arguments, the Court first addresses Defendant's contention that the Court should decline to consider Plaintiff's Opposition. On May 23, 2025, Defendant filed a Non-Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 6, before Plaintiff filed an Opposition on the same day, ECF No. 7. In Plaintiff's Opposition, she voluntarily dismissed the first four claims, leaving only her cause of action under the Magnuson-Moss Warranty Act. Along with her Opposition, Plaintiff's counsel submitted a Declaration explaining that Plaintiff's Opposition was late due to a calendaring error. ECF No. 8. Defendant filed a Reply to Plaintiff's Opposition on May 29, 2025. ECF No. 9. Defendant reasons that Plaintiff failed to obtain leave to file a late Opposition and instead filed her late Opposition without the Court's permission, seeking additional time pursuant to Rule 6(b)(1)(B). Reply at 2.

In general, when a party may or must act within a specified time, the court may extend the time for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[2] The Federal Rules of Civil Procedure are to be liberally construed for the purpose of "seeing that cases are tried on the merits." *Naharaja v. Wray*, No. 3:13-cv-1261-HZ, 2015 WL 3986133, at *2 (D. Or. June 30, 2015) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence' and includes 'omissions caused by carelessness[.]'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citation omitted)

---

[2] Although Plaintiff additionally raises the Rule 60(b)(1) excusable neglect standard (Opp'n at 3), the Court declines to address arguments pertaining to Rule 60(b)(1), as there is no applicable final order, judgment, or proceeding before the Court in this case.

(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993)). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors," including, but not limited to, "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

While it is true that Rule 6(b)(1)(B) calls for a motion to seek more time to file an opposition, the Court will excuse Plaintiff's late filing. Defendant does not dispute that the Court has discretion to construe the Federal Rules of Civil Procedure liberally and to determine whether neglect is excusable. *See Naharaja*, 2015 WL 3986133 at *2; *see also Pioneer*, 507 U.S. at 395. Because Plaintiff has not engaged in a pattern of untimely filings or otherwise dilatory conduct, the Court is not persuaded that this infraction threatens its ability to effectively manage its docket. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Furthermore, Defendant does not argue that Plaintiff's one-day delay prejudices its ability to move forward. Regardless, the Court does not see any scenario where a delay of this length could prejudice Defendant. *See Ahanchian*, 624 F.3d at 1260 (finding a three-day late opposition absent counsel acting in bad faith is insufficient to prejudice defendant). The Court thus proceeds to issues of greater concern.

## II. Merits of the Motion

Defendant asserts that Plaintiff's Complaint fails on the merits because the Magnuson-Moss Warranty Act ("MMWA") only provides a federal cause of action for state law express and implied warranty claims. *See* Mem. at 10. Defendant also argues against granting Plaintiff leave to amend because Plaintiff voluntarily dismissed all her claims under the Song-Beverly Act, meaning her MMWA claim also falls. *See* Reply at 3–4. Plaintiff counters that the MMWA does not require a Song-Beverly Act claim, and that she should be granted leave to amend. *See* Opp'n at 10.

The MMWA creates a private right of action under federal law for any "consumer

who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the Magnuson-Moss Warranty Act], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). An implied warranty is defined as one "arising under State law (as modified by sections 2308 and 2304(a) of this title) . . . ." *Id.* § 2301(7). Sections 2308 and 2304(a) only modify the definition of an implied warranty by setting forth durational requirements. To do that, Section 2304(a)(2) bars warrantors from imposing any limitation on the duration of any implied warranty notwithstanding 2308(b), which allows implied warranties to be limited to the duration of a written warranty of reasonable duration. *Id.* §§ 2304(a)(2), 2308(b). Otherwise, an implied warranty is fully defined by corresponding state law. *Id.* § 2301(7).

For written warranties, the MMWA distinguishes between full and limited warranties, but provides a right of action and remedies for both. *See id.* § 2303(a); *see also Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 918 (9th Cir. 2005). The MMWA provides federal standards and remedies for a breach of a full warranty, distinct from state law. 15 U.S.C. § 2304(a). A limited warranty, by contrast, is a warranty that does not meet the federal minimum standards for a full warranty as prescribed by 15 U.S.C. § 2304(a). The MMWA is "virtually silent as to the amount and type of damages that may be awarded for a breach of an express limited warranty." *Scott v. Jayco Inc.*, 443 F. Supp. 3d 1143, 1146 (C.D. Cal. 2020) (quoting *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979)). Accordingly, the Court must look to state law for remedies for a breach of a limited warranty. *Scott*, 443 F. Supp. 3d at 1146; *see also Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1116–17 (C.D. Cal. 2007).

Additionally, the MMWA provides a federal cause of action for breaches of both express and implied warranties under state law. *See* 15 U.S.C. § 2310(d); *see also In re Sony Grand Wega*, 758 F. Supp. 2d 1077, 1101 (S.D. Cal. 2010). The MMWA does not expand upon the rights applicable to state warranty claims pursued under 15 U.S.C. § 2310(d). *See id.*; *see also Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *9 (N.D. Cal. June 5, 2009). Claims under § 2310(d) of Magnuson-Moss

stand or fall with corresponding express and implied warranty claims under state law. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 & n.3 (9th Cir. 2008).

Plaintiff's first four claims were for breaches of express and implied warranties under the Song-Beverly Consumer Warranty Act. Plaintiff initially filed four causes of action under Song-Beverly that corresponded with Plaintiff's fifth claim, which is a breach of the Magnuson-Moss Act. In her Opposition to the instant Motion, Plaintiff voluntarily dismissed the first four claims, citing the California Supreme Court's *Rodriguez v. FCA US, LLC* decision, which determined that a vehicle is not covered by Song-Beverly's requirement that the car be "new" if a warranty was not issued with the car's sale to the current owner, even if the car has an unexpired manufacturer's new car warranty. *See* Opp'n at 1; *see also Rodriguez v. FCA US, LLC*, 557 P.3d 735, 737 (Cal. 2024).

Plaintiff's concession leaves her with just the fifth and final cause of action, in which Plaintiff alleges breaches of both express and implied warranties under the MMWA. Compl. ¶¶ 34–41. Starting with the breach of implied warranty claim, Plaintiff concedes that she does not state a valid implied warranty claim under state law. Because Plaintiff voluntarily dismissed all state law claims, her claim for relief for a breach of implied warranty does not survive a motion to dismiss. Plaintiff no longer has an implied warranty claim under state law and thus cannot sustain an implied warranty claim under the Magnuson-Moss Act. *See* 15 U.S.C. § 2301(7); *see also MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1101 (N.D. Cal. 2014).

For the written warranty claims, Plaintiff does not indicate whether she is pursuing a claim for a breach of a limited or full warranty under the MMWA. 15 U.S.C. § 2303(a). Regardless, the Court agrees with Defendant that Plaintiff's written warranty claim is insufficiently pled to survive a 12(b)(6) motion. Plaintiff fails to allege a set of facts that allows the Court to reasonably infer that Defendant violated the MMWA by breaching its written warranty. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also* 15 U.S.C. § 2303(a). In her Complaint, Plaintiff explains some of the provisions of the written warranty and how Defendant allegedly breached them. *See* Compl. ¶¶ 11–15. She

references "suspension defects" that "substantially impair the use, value and/or safety" of the vehicle, which Defendant refused to repair or reimburse her for, in violation of the express written warranty. *Id.* Incorporating these allegations, Plaintiff alleges a breach of written warranty, entitling her to a cause of action under 15 U.S.C. § 2310(d)(1). *Id.*

To pursue a claim under § 2310(d), however, the Court borrows from state law, regardless of whether diversity jurisdiction exists. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998); *see also Clemens*, 534 F.3d at 1022. Because Plaintiff does not allege a full warranty violation, Plaintiff's only remaining avenues to pursue an MMWA cause of action require a corresponding state claim. *Reynolds v. McLaren Automotive, Inc.*, No. 3:23-cv-01928-W-MMP, 2024 WL 2000644, at *9 (S.D. Cal. May 6, 2024). Plaintiff's Opposition cites a California state court case that supports an interpretation of the MMWA leaving open the possibility of pursuing a claim without corresponding state law. Opp'n at 9, 10 (citing *Dagher v. Ford Motor Co.*, 190 Cal. Rptr. 3d 261 (Ct. App. 2015)). However, this Court is bound by the decisions of the Ninth Circuit in matters of interpreting federal law, which holds MMWA claims to be inextricably linked to state law claims in the absence of a claim for a breach of a full written warranty. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015); *see also Clemens*, 534 F.3d at 1022. Plaintiff also provides *Romo v. FFG Insurance Company*, 397 F. Supp. 2d 1237 (C.D. Cal 2005), as federal authority, but that decision predates *Clemens* and is therefore abrogated to the extent it conflicts with *Clemens*. Therefore, Plaintiff's claims for relief under § 2310(d) fail because she voluntarily dismissed all her state law claims.

This leaves Plaintiff with the only remaining option of pursuing an MMWA claim that is not contingent on state law. The sole way for Plaintiff to do so is to allege that a written *full* warranty exists pursuant to 15 U.S.C. § 2304. Because Plaintiff does not indicate whether the written warranty is a full or limited warranty, the Court lacks clarity as to whether she is entitled to the substantive remedies in 15 U.S.C. § 2304. More broadly, Plaintiff also fails to mention whether the written warranty follows the rules on the content

of warranties under 15 U.S.C. § 2302. Plaintiff stops at generally asserting that she is entitled to "all damages permitted by law." *See* Compl. ¶¶ 37, 44.

For Plaintiff to survive a 12(b)(6) motion, she would need to state a claim, factual allegations accepted as true, that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While Plaintiff need only give a "short and plain" statement demonstrating entitlement to relief, there still must be a set of factual allegations that if true would plausibly support Plaintiff's cause of action, as opposed to "legal conclusions" that lack sufficient factual basis. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In this case, that would require Plaintiff to state clearly whether she is pursuing a full or limited warranty claim under 15 U.S.C. § 2303 and a set of facts that show a facially plausible claim for relief. The issue of whether Plaintiff is pursuing a full or limited warranty significantly changes the scope of the cause of action. For a full warranty claim, Plaintiff would need to allege that the warranty comports with the requirements of 15 U.S.C. § 2304, and that Defendant breached it, entitling Plaintiff to substantive remedies. Conversely, to bring about a limited warranty claim, Plaintiff would then need to rely on state law, which is not possible since Plaintiff voluntarily dismissed her own state law claims. *See* Opp'n. at 1; *see also Clemens*, 534 F.3d 1017 at 1022. Accordingly, the scope of the coverage of a limited warranty is substantively different, making the actions that breach the warranty distinct. The Court is therefore left without a plausible claim for relief and a set of facts that support a clear MMWA claim. Accordingly, Claim V is **DISMISSED**.

### III. Leave to Amend

In her response to Defendant's Motion to Dismiss, Plaintiff requested leave to amend her Complaint before the Court dismisses it with prejudice. Opp'n at 11. Defendant argues that Plaintiff should not be granted leave to amend because leave to amend would be futile and uncurable by different factual allegations. Reply at 3–4.

Federal Rule of Civil Procedure 15(a)(2) explicitly provides litigants with the ability to amend their pleadings prior to trial with either the opposing party's consent or the

Court's leave. Rule 15 calls for the Court to grant leave freely and "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may exercise its discretion in determining whether to grant leave, and the Court does not abuse its discretion by denying leave to amend if the amendment would be futile. *Gaede v. Delay*, Nos. 23-35217, 23-35531, 2024 WL 957490 (9th Cir. March 6, 2024) (citing *AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)). The Court considers five factors in assessing the appropriateness of leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

Although Plaintiff's written warranty claims under 15 U.S.C. § 2310(d) and implied warranty claims inevitably fail without corresponding state law claims, it is still possible that Plaintiff has a plausible claim under 15 U.S.C. § 2304. Under that section of the MMWA, a plaintiff could pursue relief without a corresponding state law claim. *See Reynolds,* 2024 WL 2000644, at *9; *see also Traynor v. Winnebago Indus., Inc.*, No. CV032082PHX–DGC, 2004 WL 1146077 at *6 (D. Ariz. 2004). Accordingly, the Court grants Plaintiff the opportunity to amend her Complaint to meet the well-pleaded complaint standard. Plaintiff is only encouraged to do so if, upon review of the written warranty, she is able to allege a set of facts that demonstrate the existence of a full warranty and a violation by Defendant of 15 U.S.C. § 2304.

## CONCLUSION

In light of the foregoing, the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 5). Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

<u>Within twenty-one (21) days</u> of the date of this Order, Plaintiff either **(1) SHALL FILE** an amended complaint, or **(2) SHALL INDICATE** to the Court that she will not do so. ***Failure to timely select either of the above options may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)***. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890–91 (9th Cir. 2019) (explaining that courts may dismiss

an action under Rule 41(b) when a plaintiff fails to comply with a court order requiring the filing of an amended complaint). Any amended complaint must be complete in and of itself without reference to Plaintiff's original Complaint; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived").

**IT IS SO ORDERED.**

Dated: July 28, 2025

Hon. Janis L. Sammartino
United States District Judge