UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY C. JACOBO, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>                                    Defendants. | Case No.:  25-CV-868 JLS (LR)<br><br>**ORDER GRANTING FORD MOTOR COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(ECF No. 15) |

Presently before the Court is Defendant Ford Motor Company's ("Ford") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Mot.," ECF No. 15). Also before the Court are Plaintiff Ruby C. Jacobo's Opposition thereto ("Opp'n," ECF No. 17) and Defendant's Reply in support thereof ("Reply," ECF No. 18).  Upon full consideration of all the papers and evidence submitted, and good cause appearing, Ford's Motion to Dismiss is **GRANTED**, and Plaintiff's First Amended Complaint ("FAC," ECF No. 13) is **DISMISSED** in its entirety **WITHOUT LEAVE TO AMEND**.

## BACKGROUND

This litigation stems from a used 2021 Ford Bronco ("Subject Vehicle") manufactured and distributed by Defendant that Plaintiff alleges is defective. *See* FAC ¶ 15.  Plaintiff purchased the Subject Vehicle on or around July 29, 2023.  *Id.* ¶ 9.  When

25-CV-868 JLS (LR)

Plaintiff purchased the Subject Vehicle, Plaintiff asserts she received express written warranties affirming that the material or workmanship was defect free or would meet specified levels of performance over a specified level of time. *Id.* ¶ 11; *see* ECF No. 15-2, Ex. B ("Warranty"). Plaintiff alleges that the Subject Vehicle manifested defects, and when Plaintiff delivered it to an authorized repair facility, Defendant failed to service or repair in compliance with the express warranty despite a reasonable number of opportunities to do so. FAC ¶¶ 20–23.

On April 11, 2025, Defendant filed a Notice of Removal, asserting that Plaintiff's allegation of a violation of the Magnuson-Moss Warranty Act ("MMWA" or "Act"), 15 U.S.C. § 2301, *et seq.*, is a federal question for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 1 ("Notice of Removal"). Defendant then filed a Motion to Dismiss on April 18, 2025, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Plaintiff's deadline for filing an opposition to the Motion to Dismiss was May 22, 2025. *See* ECF No. 11. On May 23, 2025, Defendant filed a Notice of Non-Opposition to its own Motion to Dismiss, requesting that the Court grant said Motion to Dismiss because Plaintiff missed her deadline. ECF No. 6. Later, on May 23, 2025, Plaintiff filed an Opposition to the Motion to Dismiss. ECF No. 9. In Plaintiff's Opposition, she voluntarily dismissed the first four claims, leaving only her cause of action under the Magnuson-Moss Warranty Act. *See* ECF No. 9 at 2.[1]

The Court granted Defendant's first Motion to Dismiss on July 28, 2025. *See* ECF No. 11. The Court found that Plaintiff had not sufficiently pled that the Warranty was a "full" warranty and, since Plaintiff had voluntarily dismissed all state law claims, there was no plausible way for her to be entitled to relief. *Id.* at 9. The Court noted that Plaintiff would need to allege that the Warranty was "full," comports with the requirements of 15 U.S.C. § 2304, and that Defendant breached those requirements, to state a claim under the

---

[1] Unless otherwise indicated, the page number citations refer to the electronically generated page numbers on CM/ECF.

25-CV-868 JLS (LR)

Magnuson-Moss Warranty Act.  *Id*.  On August 19, 2025, Plaintiff filed her First Amended Complaint, realleging and expanding on her claim under the Magnuson-Moss Warranty Act.  *See generally* FAC.  Specifically, Plaintiff alleges that the Subject Vehicle was covered by a "full warranty," suffered from substantial defects covered by the Warranty, and continued to have substantially impaired use after multiple repair attempts.  *Id*.  Plaintiff also contends that Defendant refused to provide a refund for the vehicle pursuant to the standards for full warranties in 15 U.S.C. § 2304.  *Id*.  Defendant filed the present Motion on September 3, 2025.  *See generally* Mot.

**MOTION TO DISMISS**

## I.      Legal Standards

### A.      Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted."  To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id*. (quoting *Twombly*, 550 U.S. at 557).  Though this plausibility standard "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. (quoting *Twombly*, 550 U.S. at 555).  In other words, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Put differently, "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

/ / /

25-CV-868 JLS (LR)

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In performing that analysis, "a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (second alternation in original). If a complaint does not survive Rule 12(b)(6), a court grants leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B.    *Magnuson-Moss Warranty Act*

The Magnuson-Moss Warranty Act creates a private right of action for any "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the Magnuson-Moss Warranty Act], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). The MMWA provides this right of action for consumers damaged by a warrantor's failure to comply, regardless of whether the warranty is full or limited. *Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 918 (9th Cir. 2005). Consumers may bring federal causes of action for breaches of express or implied warranty claims under state law. *In re Sony Grand Wega*, 758 F. Supp. 2d 1077, 1101 (S.D. Cal. 2010). The MMWA does not expand the rights under state warranty claims. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 & n.3 (9th Cir. 2008); *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *9 (N.D. Cal. June 5, 2009).

The MMWA distinguishes between the remedies available for full and limited warranties and provides federal standards and an explicit set of remedies for a breach of a full warranty. 15 U.S.C. §§ 2303(a), 2304(a), 2310(d). Should a plaintiff prevail in an action against a warrantor who has breached the terms of a full warranty, the plaintiff is

entitled to a judgment equal to the value of the aggregate amount of costs and expenses, reasonable attorneys' fees, and the choice of a full refund or a replacement without charge. 15 U.S.C. §§ 2304(a)(4), 2310(d)(2).

## ANALYSIS

## I.      Request for Judicial Notice

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* Both exceptions "permit district courts to consider materials outside a complaint." *Id.* "[T]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Under the incorporation by reference doctrine, a court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original) (quoting *In re Silicon Graphics Inc. Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)). A defendant may seek to incorporate a document into the complaint in two ways. First, "if the plaintiff refers extensively to the document," it may be incorporated by reference. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Second, a document may be incorporated by reference if "the document forms the basis of the plaintiff's claim." *Id.* A document forms the basis of the plaintiff's claim when "the claim necessarily depend[s]" on the document. *Khoja*, 899 F.3d at 1002 (quoting *Knievel*, 393 F.3d at 1076). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint and

25-CV-868 JLS (LR)

thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. However, "[t]he incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014.

### A.    Sales Contract

Defendant filed a Request for Judicial Notice ("RJN," ECF No. 15-2), which requests the Court to take judicial notice of the Retail Installment Sale Contract. *See* RJN, Ex. A ("Sales Contract"). The Sales Contract is the relevant purchase agreement for the Subject Vehicle. *Id.* at 12. Plaintiff raises no objection. *See generally* Opp'n. The Court may take judicial notice of the Sales Contract because it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Furthermore, the document satisfies the incorporation by reference doctrine because Plaintiff relies on it to form the basis for her claim that she possesses valid warranties that Defendant breached. *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907–09 (9th Cir. 2003)). Thus, the Court **GRANTS** Defendant's Request for Judicial Notice as to the Sales Contract.

### B.    Warranty

Defendant also seeks judicial notice of the warranty guide for the Subject Vehicle. *See* Warranty. Defendant argues incorporation is appropriate here because the Warranty is the basis of Plaintiff's claim. Mot. at 11–12. Plaintiff does not directly dispute the incorporation by reference of the Warranty but argues that no matters outside of the pleadings can be considered without converting the Motion into a motion for summary judgment. Opp'n at 3.

The Court finds that the Warranty can be considered under either standard. Plaintiff refers to the Warranty twenty-one times in her thirty-two-paragraph complaint. *See generally* FAC. More importantly, the Warranty forms the basis of Plaintiff's claim. The contract she alleges Defendant has breached is the Warranty. *Id*. Thus, the Warranty is correctly incorporated by reference and Defendant's Request for Judicial Notice as to the Warranty is **GRANTED**.

## II.      Whether the Warranty is "Full" or "Limited"

As the Court noted in the first Order granting Defendant's Motion to Dismiss, Plaintiff needs to show that the Warranty was "full" to have a claim under the MMWA. ECF No. 11 at 9.  Plaintiff contends that she has sufficiently alleged that the Warranty should be treated as a "full" warranty.  Opp'n at 2.  Specifically, Plaintiff argues that her allegations regarding the Warranty are matters of interpretation, and as such, Plaintiff's version must be accepted as true.  *Id.*; FAC ¶¶ 14(a-e); *see Iqbal*, 556 U.S. at 678.  Further, Plaintiff argues that the "mere use" of the "limited" label is insufficient to characterize the Warranty as limited, and instead the Court should compare the Warranty to the minimum standards set forth in 15 U.S.C. § 2304.  Opp'n at 3–4.  Plaintiff concludes that the Warranty meets or exceeds the minimum standards and that her view of the Warranty must be accepted.  *Id.* at 2–4.  Defendant argues that the allegations are questions of fact rather than matters of interpretation and that the Court can resolve these disputes in fact by comparing the incorporated by reference Warranty to the statutory requirements in § 2304. Mot. at 5.  The Court agrees with Defendant.

The Federal Trade Commission has spoken on how to interpret warranties as "full" or "limited:"

> If each of the following five statements is true about your warranty's terms and conditions, it is a full warranty:
> 1. You do not limit the duration of implied warranties.
> 2. You provide warranty service to anyone who owns the product during the warranty period.
> 3. You provide warranty service free of charge.
> 4. You provide, at the consumer's choice, either a replacement or a full refund if, after a reasonable number of tries, you are unable to repair the product.
> 5. You do not require consumers to perform any duty as a precondition for receiving service, except notifying you that service is needed, unless you can demonstrate that the duty is reasonable.
>
> If any of these statements is not true, then your warranty is limited.

/ / /

25-CV-868 JLS (LR)

Fed. Trade Comm'n, *Businessperson's Guide to Federal Warranty Law* (2018), https://www.ftc.gov/business-guidance/resources/businesspersons-guide-federal-warranty-law; *see also* 15 U.S.C. § 2304.  The purpose of the title "full" or "limited" is to provide customers with a quick understanding of what key terms may or may not be included in the warranty.  Fed. Trade Comm'n, *supra*.  Here, the Warranty is titled "The New Vehicle Limited Warranty for your 2021-model vehicle," creating an initial assumption to the customer that the Warranty is limited.  *See* Warranty at 20; *see also* Fed. Trade Comm'n, *supra*. ("The title is intended to provide consumers, at a glance, with a key to some of the important terms and conditions of a warranty.  The title 'full warranty' is a shorthand message to consumers that the coverage meets the Act's standards for comprehensive warranty coverage.  Similarly, the title 'limited warranty' alerts consumers that the coverage does not meet at least one of the Act's standards, and that the coverage is less than 'full' under the Act.").

In theory, it may be possible for a warranty to be "full," but incorrectly designated as "limited."  However, a single defect in a warranty designated as "limited" from the minimum standards set forth by the MMWA would defeat this claim.  *See* Fed. Trade Comm'n, *supra*.  In other words, all the minimum standards established in the MMWA must be present in the warranty for it to be designated as "full," regardless of the warranty's title.

The Court considers each of Plaintiff's arguments that the Warranty here is "full," and finds that it is not.  *See* FAC ¶¶ 14(a–e).  First, Plaintiff claims the Warranty "did not disclaim, modify, or limit the duration of any implied warranty . . . including implied warranties of merchantability and fitness for a particular purpose."  *Id.* ¶ 14(a).  This allegation, if true, would have the Warranty meet or exceed the Act's minimums.  *See* 15 U.S.C. § 2304(a)(2).  However, contrary to Plaintiff's allegations, the Warranty expressly limits implied warranties: "These implied warranties are limited, to the extent allowed by law, to the time period covered by the written warranties, or to the applicable time period provided by state law, whichever period is shorter."  Warranty at 21.  In addition, the

Warranty disclaims all implied warranties when the vehicle is used for business or commercial purposes and disclaims the implied warranty of fitness for a particular purpose for racing. *Id*. Therefore, the Warranty does not meet the minimum standards of the Act.

Second, Plaintiff claims the Warranty did not impose any "unreasonable" duties on her as a condition of obtaining remedies for defects, malfunctions, or failures. FAC ¶ 14(c). This allegation, if true, would have the Warranty meet or exceed the Act's minimums. *See* 15 U.S.C. § 2304(b)(1). The Warranty imposes some duties, namely requiring the owner to contact the BBB AUTO LINE and proper ownership and maintenance of the vehicle. Warranty at 20, 22. As these duties could be plausibly interpreted as reasonable, Plaintiff's allegation in this regard meets the Act's minimums.

Third, Plaintiff claims the Warranty permitted owners to choose either a refund or replacement without charge as a remedy. FAC ¶ 14(d). This allegation, if true, would have the Warranty meet or exceed the Act's minimums. *See* 15 U.S.C. § 2304(a)(4). However, the Court finds that this allegation is not supported. The Warranty provides only for "repair, replacement, or adjustment of defective parts" as a remedy, and does not provide at all for a refund. Warranty at 24. Since the Warranty explicitly limits refunds, it does not meet the minimum standards provided by the Act.

Fourth, Plaintiff claims that there was no limitation on consequential damages that did not conspicuously appear on the face of the Warranty. FAC ¶ 14(e). To comply with the statutory minimums, full warranties must either not limit consequential damages or have the limitations "conspicuously appears on the face of the warranty." *See* 15 U.S.C. § 2304(a)(3). For a limitation to be considered as "conspicuously appearing on the face of the warranty," the limitation must be placed in "close proximity to the location where the text of the warranty terms begins." 16 C.F.R. § 701.1(j)(3). The Warranty does limit consequential damages by disclaiming that "Ford and your dealer are not responsible for any time or income that you lose, any inconvenience you might be caused . . . , or for any other incidental or consequential damages you may have." Warranty at 21. Since these limitations appear within the first few pages, it is plausible that this would be considered

25-CV-868 JLS (LR)

as "close proximity" to where the text begins.  *See id.*; *see also* 15 U.S.C. § 2304(a)(3).  Therefore, this portion of the Warranty likely does meet the Act's minimums for a full warranty.

For Plaintiff to overcome the Warranty's explicit designation as "limited," all the minimums of § 2304 would have to have been met.  Since two of the minimums of § 2304 are not met by the Warranty—that the implied warranties are limited and there is no option of a refund if repair fails—the Warranty is correctly understood as limited.  *See* Fed. Trade Comm'n, *supra*; *see also* 15 U.S.C. § 2304(a).  The MMWA provides for remedies when there is a violation of a full warranty or when there is a corresponding state law cause of action.  *See Reynolds v. Mclaren Automotive, Inc.*, No. 23-CV-01928-W-MMP, 2024 WL 2000644, at *9 (S.D. Cal. May 6, 2024).  Here, Plaintiff has no accompanying state claims, and the Warranty is not a full warranty.  *See generally* FAC.  Accordingly, there is no way for the Court to reasonably infer that the Defendant is liable for the misconduct alleged, and the FAC should be dismissed.  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544 at 570).

### III.   Leave to Amend

Defendant argues that Plaintiff should not be granted leave to amend because alleging different facts could not demonstrate the existence of a full warranty.  Reply at 7–8.  Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Although this rule should be interpreted liberally, leave should not be granted automatically.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).  In determining whether to grant leave to amend, trial courts consider various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Applying the *Foman* factors, the Court declines to grant Plaintiff leave to amend.  Here, Plaintiff has failed to demonstrate grounds for a successful claim.  The MMWA provides for claims borrowed from state law and from violations of the minimum requirements from full warranties under 15 U.S.C. § 2304.  *See Daniel v. Ford Motor Co.*, 806 F.3d 1217,

25-CV-868 JLS (LR)

1227 (9th Cir. 2015). Plaintiff has no accompanying state claims, and the Warranty is not a full warranty. *See generally* FAC. As a result, Plaintiff has no valid causes of action under the MMWA. Therefore, the Court finds that "it is clear that granting leave to amend would [be] futile." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## CONCLUSION

In light of the foregoing, the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 15). Plaintiff's First Amended Complaint (ECF No. 13) is **DISMISSED WITHOUT LEAVE TO AMEND**. As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 16, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-868 JLS (LR)